IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARLETTE LOUDEN

156-15 Cross Island Parkway
Whitestone, New York 11357

                Plaintiff,

   v.

WASHINGTON WISCONSIN CVS INC.
District of Columbia

Serve:
CT Corporation System
1015 15th Street, NW, Ste. 1000
Washington DC 20005

and

CVS HEALTH CORPORATION

Serve:
CT Corporation System
1015 15th Street, NW, Ste. 1000
Washington DC 20005

and

WEC 2000A-5 LLC
1 CVS DR.
WOONSOCKET, RI 02895-6146

Serve:
Corporation Service Company
1090 Vermont Ave., NW
Washington DC 20005

and

DISTRICT OF COLUMBIA CVS
PHARMACY, LLC
1 CVS DR.
WOONSOCKET, RI 02895-6146

Case No.   1:18-cv-499

- 1 -

Serve:
CT Corporation System
1015 15th Street, NW, Ste. 1000
Washington DC 20005

and

CVS PHARMACY, INC.
1 CVS DR.
WOONSOCKET, RI 02895-6146

Serve:
CT Corporation System
1015 15th Street, NW, Ste. 1000
Washington DC 20005

and

MARYLAND CVS PHARMACY, LLC
1 CVS DR.
WOONSOCKET, RI 02895-6146

Serve:
CT Corporation System
1015 15th Street, NW, Ste. 1000
Washington DC 20005

and

CVS TN DISTRIBUTION, LLC
1 CVS DR.
WOONSOCKET, RI 02895-6146

Serve:
CT Corporation System
1015 15th Street, NW, Ste. 1000
Washington DC 20005

                              Defendants.

## COMPLAINT

Plaintiff, ARLETTE LOUDEN, by her attorneys, SPIGELMAN & CECERE, LLC and MICHAEL F. MONGELLI II, P.C.[1], complaining of the Defendants herein, states and alleges the following upon information and belief:

### The Parties

#### Plaintiff, Arlette Louden

1.      Plaintiff is a natural person who resides at 156-15 Cross Island Parkway, Whitestone, New York, in the County of Queens, in the City and State of New York.

### The Defendants

#### Defendant, Washington Wisconsin CVS Inc. ("WWCVS")

2.      Defendant, Washington Wisconsin CVS Inc. (hereinafter sometimes referred to as "WWCVS"), is a corporation formed in and operating under the laws of the District of Columbia.

3.      Defendant, WWCVS, is a partnership formed in and operating under the laws of the District of Columbia.

4.      Defendant, WWCVS, is a limited liability partnership formed in and operating under the laws of the District of Columbia.

---

[1] Co-counsel Michael F. Mongelli II is not a member of the bar of this Court.

5.     Defendant, WWCVS, is a limited liability company formed in and operating under the laws of the District of Columbia.

6.     Defendant, WWCVS, is a sole proprietorship formed in and operating under the laws of the District of Columbia.

7.     Defendant, WWCVS, owns, operates, manages, and/or controls a CVS Store and/or Pharmacy and/or building in the District of Columbia located at 2226 Wisconsin Avenue Northwest, Washington, DC 20007, also known as Lot 556, Square 1300, as shown on a plot of subdivision recorded among the records of the office of the Surveyor of the District of Columbia in Book 175, Page 38.

<u>Defendant, CVS Health Corporation</u>

8.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "7" and allegations contained therein with the same full force and effect as if fully set forth here.

9.     Defendant, CVS Health Corporation, is a corporation formed in and operating under the laws of the State of Delaware.

10.    Defendant, CVS Health Corporation, is a corporation formed in and operating under the laws of the State of Rhode Island.

11.    Defendant, CVS Health Corporation, is authorized to do business in the District of Columbia.

12.     Defendant, CVS Health Corporation, owns, operates, manages, and/or controls a CVS Store and/or Pharmacy and/or building in the District of Columbia located at 2226 Wisconsin Avenue Northwest, Washington, DC 20007, also known as Lot 556, Square 1300, as shown on a plot of subdivision recorded among the records of the office of the Surveyor of the District of Columbia in Book 175, Page 38.

<u>Defendant, WEC 200A-5 LLC</u>

13.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "12" and allegations contained therein with the same full force and effect as if fully set forth here.

14.     Defendant, WEC 200A-5 LLC (hereinafter sometimes referred to as "WEC"), is a limited liability company formed in and operating under the laws of the Delaware.

15.     Defendant, WEC, is authorized to do business in the District of Columbia.

16.     Defendant, WEC, owns, operates, manages, and/or controls the real property which upon a CVS Store and/or Pharmacy in the District of Columbia is located specifically at 2226 Wisconsin Avenue Northwest, Washington, DC 20007, also known as Lot 556, Square 1300, as shown on a plat of subdivision recorded among the records of the office of the Surveyor of the District of Columbia in Book 175, Page 38.

<u>Defendant, District of Columbia CVS Pharmacy, L.L.C. ("DC CVS Pharmacy")</u>

17. Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "16" and allegations contained therein with the same full force and effect as if fully set forth here.

18. Defendant, District of Columbia CVS Pharmacy, L.L.C. (hereinafter sometimes referred to as "DC CVS Pharmacy"), is a limited liability company formed in and operating under the laws of the District of Columbia.

19. Defendant, DC CVS Pharmacy, is authorized to do business in the District of Columbia.

20. Defendant, DC CVS Pharmacy, owns, operates, manages, and/or controls a CVS Store and/or Pharmacy and/or building in the District of Columbia located at 2226 Wisconsin Avenue Northwest, Washington, DC 20007, also known as Lot 556, Square 1300, as shown on a plat of subdivision recorded among the records of the office of the Surveyor of the District of Columbia in Book 175, Page 38.

<u>Defendant, CVS Pharmacy Inc. ("CVS Inc.")</u>

21. Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "20" and allegations contained therein with the same full force and effect as if fully set forth here.

22. Defendant, CVS Pharmacy Inc. (hereinafter sometimes referred to as "CVS Inc."), is a corporation formed in and operating under the laws of Rhode Island.

23. Defendant, CVS Inc., is authorized to do business in the District of Columbia.

24.     Defendant, CVS Inc., owns, operates, manages, and/or controls a CVS Store and/or Pharmacy and/or building located at 2226 Wisconsin Avenue Northwest, Washington, DC 20007, also known as Lot 556, Square 1300, as shown on a plot of subdivision recorded among the records of the office of the Surveyor of the District of Columbia in Book 175, Page 38.

### Defendant, Maryland CVS Pharmacy L.L.C. ("Maryland CVS ")

25.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "24" and allegations contained therein with the same full force and effect as if fully set forth here.

26.     Defendant, Maryland CVS Pharmacy L.L.C. (hereinafter sometimes referred to as "Maryland CVS"), is a limited liability company formed in and operating under the laws of Maryland.

27.     Defendant, Maryland CVS, is authorized to do business in the District of Columbia.

28.     Defendant, Maryland CVS, owns, operates, manages, and/or controls a CVS Store and/or Pharmacy and/or building located in the District of Columbia at 2226 Wisconsin Avenue Northwest, Washington, DC 20007, also known as Lot 556, Square 1300, as shown on a plat of subdivision recorded among the records of the office of the Surveyor of the District of Columbia in Book 175, Page 38.

<u>Defendant, CVS TN Distribution L.L.C. ("CVS TN")</u>

29.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "28" and allegations contained therein with the same full force and effect as if fully set forth here.

30.     Defendant, CVS TN Distribution L.L.C. (hereinafter sometimes referred to as "CVS TN"), is a limited liability company formed in and operating under the laws of Tennessee.

31.     Defendant, CVS TN, is authorized to do business in the District of Columbia.

32.     Defendant, CVS TN, owns, operates, manages, and/or controls a CVS Store and/or Pharmacy and/or building in the District of Columbia located at 2226 Wisconsin Avenue Northwest, Washington, DC 20007, also known as Lot 556, Square 1300, as shown on a plat of subdivision recorded among the records of the office of the Surveyor of the District of Columbia in Book 175, Page 38.

<u>The Collective Reference to All Defendants</u>

33.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "32" and allegations contained therein with the same full force and effect as if fully set forth here.

34.     Unless otherwise specified herein, Plaintiff refers to all of the named Defendants herein, to wit: WWCVS Inc.; CVS Health Corporation; WEC 200A-5 LLC; DC CVS Pharmacy; CVS Inc.; Maryland CVS; and CVS TN collectively as the "Defendants".

35.     Unless otherwise specified herein, Plaintiff's allegations and claims are asserted against the named Defendants individually, jointly, collectively, and severally.

## Jurisdiction and Venue

36.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "35" and allegations contained therein with the same full force and effect as if fully set forth here.

37.     Subject matter jurisdiction exists under 28 USC §1332 because there is complete diversity and the amount in controversy exceeds $75,000 exclusive of interest and costs.

38.     Venue exists under 28 USC §1391 because a substantial part of the events leading to Plaintiff's injuries, damages, losses and claim occurred in this district.

## Plaintiff's Demand for Trial by Jury, Pursuant to Fed. R. Civ. P. Rule 38

39.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "38" and allegations contained therein with the same full force and effect as if fully set forth here.

40.     Pursuant to Rule 38 of the Federal Rules Civil Procedure, Plaintiff demands a trial by jury of all issues.

## The Facts

## The Store

41.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "40" and allegations contained therein with the same full force and effect as if fully set forth here.

42.     The aforesaid CVS Store and/or Pharmacy is located at 2226 Wisconsin Avenue Northwest, Washington, District of Columbia 20007 (the "Store").

43.     Said CVS Store and/or Pharmacy is also known by Store Number 2378.

<u>The Stairs, the Defect, the Situs, and the Carpet</u>

44.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "43" and allegations contained therein with the same full force and effect as if fully set forth here.

45.     At all times hereinafter mentioned, within the Store is a set of stairs or series of steps.

46.     At all times hereinafter mentioned, within the Store is a particular stairs or steps situated between the upper parking area and the store interior below (the "Stairs").

47.     At all times hereinafter mentioned, the Stairs contained carpeting.

48.     At all times hereinafter mentioned, portions of the Stairs were carpeted.

49.     On the Stairs and in the carpet thereat existed a break; tear; rip; opened seam; cut piece; hole; gap; gash; unaffixed carpet; lifted carpet; nuisance; trap; hazard; defect; danger; and/or trip hazard (the "Defect").

50.     At all times hereinafter mentioned, unless otherwise specified, the "Carpet" refers to the carpet at the situs of accident, to wit: at or near the Defect on the Stairs.

The Accident

51.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "50" and allegations contained therein with the same full force and effect as if fully set forth here.

52.     On or about March 2, 2015, Plaintiff was a customer within the Store for a lawful purpose.

53.     On or about March 2, 2015, while Plaintiff was attempting to ascend the Stairs, Plaintiff encountered the Defect.

54.     On or about March 2, 2015, while Plaintiff was attempting to ascend the Stairs, Plaintiff was caused to trip, and sustain a fall and injuries on the Stairs (the "Accident" or "Plaintiff's Accident") due to the Defect.

COUNT I
(Active Negligence – General Negligence)

55.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "54" and allegations contained therein with the same full force and effect as if fully set forth here.

56.     At all times relevant hereto, Defendants, as owners, operators, managers and/or controllers of the CVS Store and/or Pharmacy and/or building in question, owed a duty of

- 11 -

reasonable care to their business invitees, such as Plaintiff, to construct, design, and maintain, the stairs and passageways of the Store in a reasonably safe condition and to inspect the Store and correct and/or warn business invitees, such as Plaintiff, of dangerous conditions existing in such stairs and passageways.

57.     Defendants breached such duties and were negligent in that they created, knew of, or should have known of, the Defect and failed to correct and/or warn store invitees, such as Plaintiff, of such dangerous condition prior to the Accident.

58.     Defendants negligently caused and/or contributed to the Defect contained within the Carpet and caused same to be broken, torn, ripped, frayed, worn down, opened, cut, lifted from and/or no longer adhered and/or affixed to stairs.

59.     Defendants caused and/or contributed to the existence of the Defect which was a trip hazard, trap, hazard, nuisance, defect, and/or danger.

60.     The Defect caused and/or contributed to Plaintiff's accident, injuries, and damages, without any negligence on the part of the Plaintiff contributing thereto.

61.     Plaintiff's Accident, injuries and damages occurred solely due to Defendants' negligence, carelessness, recklessness, and/or failure to use reasonable care.

62.     As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe bodily injuries and serious physical disfigurements.

63.     As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from her customary, usual, and ordinary daily activities and chores.

64.     As a result of the Accident and Defendants' negligence, Plaintiff was to confined bed and/or home for significant periods of time.

65.     As a result of the Accident and Defendants' negligence, Plaintiff sustained permanent and/or partial physical disabilities.

66.     As a result of the Accident and Defendants' negligence, Plaintiff was caused to undergo prolonged and significant medical treatment, physical therapy, and/or rehabilitation for Plaintiff's injuries and medical sequelae.

67.     As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer great pain, agony, and suffering, in both mind and body.

68.     As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe mental and emotional anguish and distress.

69.     As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from employment for a significant period of time.

70.     As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of wages.

71.     As a result of the Accident and Defendants' negligence, Plaintiff claimed short-term disability.

72.     As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of employment benefits, including, but not limited to: vacation days; personal days; sick days; and/or off days.

73.     As a result of the Accident and Defendants' negligence, Plaintiff was caused to expend significant sums of monies on expenses related to medical care, medications, medical aids, out-of-pocket expenses, and other special damages.

WHEREFORE, Plaintiff, Arlette Louden, demands judgment, jointly and severally, against the Defendants in a sum in excess of Three Million Dollars ($3,000,000.00) plus pre- and post-trial interest, costs and such other and further relief which the Court deems just and necessary.


COUNT II
(Active Negligence – Installation of Carpet)

74.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "73" and allegations contained therein with the same full force and effect as if fully set forth here.

75.     Defendants owed to its business invitees, including Plaintiff, a duty to used reasonable care in the design, construction and/or installation of the Carpet.

76.     Defendants' design, construction and/or installation of the Carpet on the Stairs was poor, improper, and/or unsuitable and constituted a breach of their duty of reasonable care.

77.     Defendants' design, construction and/or installation of the Carpet on the Stairs failed to adhere to, was in violation of, was not in compliance with, and/or was not in accordance with applicable standards, guidelines, practices rules, regulations, statutes, codes, and/or ordinances.

- 14 -

78.     Defendants' design, construction and/or installation of the Carpet on the Stairs was done poorly, negligently, recklessly, carelessly, and/or without due care.

79.     Defendants' design, construction and/or installation of the Carpet was done in such a way as to cause it to be or to contribute to it being a trip hazard, a trap, hazard, nuisance, defect, and/or danger.

80.     Defendants' design, construction and/or installation of the Carpet was done in such a way as to cause it to be or to contribute to it being frayed, broken, lifted, and/or opened.

81.     Defendants installed the wrong and/or unsuitable kind of carpet on the Stairs.

82.     Defendants' should not have installed the Carpet on the Stairs at all.

83.     Defendants did not properly affix and/or tack down the Carpet.

84.     Defendants affixed the Carpet in such a manner that it failed to adhere to, was in violation of, was not in compliance with, and/or was not in accordance with applicable rules, regulations, statutes, codes, and/or ordinances.

85.     Defendants affixed the Carpet in such a manner that it failed to adhere to, was in violation of, was not in compliance with, and/or was not in accordance with the manufacturer's instructions and/or directions.

86.     Upon installation of the Carpet, Defendant broke the Carpet.

87.     Upon installation of the Carpet, Defendant caused it to be and/or contributed to it being frayed, worn down, broken, lifted, opened.

88.     Defendants improperly sized the Carpet for the Stairs.

89.     Defendants installed carpet that was of poor quality, of short longevity, and/or easily frayed, broken, worn down, and/or detached.

90.     The Carpet on the Stairs constituted a defect.

91.     The Defect caused and/or contributed to Plaintiff's Accident, injuries, and damages without any negligence on the part of the Plaintiff contributing thereto.

92.     Plaintiff's Accident, injuries and damages occurred solely due to Defendants' negligence, carelessness, recklessness, and/or failure to use due care.

93.     As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe bodily injuries and serious physical disfigurements.

94.     As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from her customary, usual, and ordinary daily activities and chores.

95.     As a result of the Accident and Defendants' negligence, Plaintiff was to confined bed and/or home for significant periods of time.

96.     As a result of the Accident and Defendants' negligence, Plaintiff sustained permanent and/or partial physical disabilities.

97.     As a result of the Accident and Defendants' negligence, Plaintiff was caused to undergo prolonged and significant medical treatment, physical therapy, and/or rehabilitation for Plaintiff's injuries and medical sequelae.

98.    As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer great pain, agony, and suffering, in both mind and body.

99.    As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe mental and emotional anguish and distress.

100.   As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from employment for a significant period of time.

101.   As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of wages.

102.   As a result of the Accident and Defendants' negligence, Plaintiff claimed short-term disability.

103.   As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of employment benefits, including, but not limited to: vacation days; personal days; sick days; and/or off days.

104.   As a result of the Accident and Defendants' negligence, Plaintiff was caused to expend significant sums of monies on expenses related to medications, medical aids, out-of-pocket expenses, and other special damages.

105.   All of Plaintiff's damages as aforesaid were solely due to Defendants' negligence.

WHEREFORE, Plaintiff, Arlette Louden, demands judgment, jointly and severally, against the Defendants in a sum in excess of Three Million Dollars ($3,000,000.00) plus pre- and

post-trial interest, costs and such other and further relief which the Court deems just and necessary.

COUNT III

(Active Negligence – Negligent Maintenance and/or Care for Carpet)

106.    Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "105" and allegations contained therein with the same full force and effect as if fully set forth here.

107.    Defendants had a duty of reasonable care to maintain, upkeep, care for, and/or inspect, the Carpet.

108.    Defendants breached such duty and failed to maintain, upkeep, care for, and/or inspect, the Carpet properly and in a timely manner.

109.    Defendants cleaned, swept, vacuemed the Carpet poorly, improperly, carelessly, negligently, recklessly, and/or without due care.

110.    Defendants cleaned, swept, vacuemed the Carpet in a manner that failed to adhere to, was in violation of, was not in compliance with, and/or was not in accordance with manufacturer's instructions, directions, specifications.

111.    Defendants cleaned, swept, vacuemed the Carpet in a manner that failed to adhere to, was in violation of, was not in compliance with, and/or was not in accordance with applicable rules, regulations, statutes, codes, and ordinances.

112.  Defendants cleaned, swept, and/or vacuumed the Carpet in a manner such that it became frayed, worn down, broken, lifted, torn, cut, and/or opened.

113.  Defendants cleaned, swept, and/or vacuumed the Carpet in a manner such that it became a trip hazard, a trap, hazard, nuisance, defect, and danger.

114.  Defendants, in negligently maintaining or caring for the Carpet, caused it to become frayed, worn down, broken, lifted, opened, torn, and/or cut.

115.  Defendants, in maintaining or caring for the Carpet, caused it to become a trip hazard, a trap, hazard, nuisance, defect, and/or danger.

116.  Defendants maintained and/or cared for the Carpet negligently, improperly, carelessly, recklessly, and/or without due care.

117.  Defendants maintained and/or cared for the Carpet in a manner that failed to adhere to, was in violation of, was not in compliance with, and/or was not in accordance with applicable rules, regulations, statutes, codes, and ordinances.

118.  Defendants maintained and/or cared for the Carpet in a manner that failed to adhere to, was in violation of, was not in compliance with, and/or was not in accordance with applicable manufacturer's instructions and/or directions.

119.  As a result of the foregoing, Defendants caused a defect at the Situs.

120.  The Defect caused and/or contributed to Plaintiff's Accident, injuries, and damages.

121.  Plaintiff's Accident, injuries and damages occurred without any negligence on the part of the Plaintiff contributing thereto.

122.    Plaintiff's accident, injuries and damages occurred solely due to Defendants' negligence, carelessness, recklessness, and/or failure to use due care.

123.    As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe bodily injuries and serious physical disfigurements.

124.    As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from her customary, usual, and ordinary daily activities and chores.

125.    As a result of the Accident and Defendants' negligence, Plaintiff was to confined bed and/or home for significant periods of time.

126.    As a result of the Accident and Defendants' negligence, Plaintiff sustained permanent and/or partial physical disabilities.

127.    As a result of the Accident and Defendants' negligence, Plaintiff was caused to undergo prolonged and significant medical treatment, physical therapy, and/or rehabilitation for Plaintiff's injuries and medical sequelae.

128.    As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer great pain, agony, and suffering, in both mind and body.

129.    As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe mental and emotional anguish and distress.

130.    As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from employment for a significant period of time.

131.    As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of wages.

132.    As a result of the Accident and Defendants' negligence, Plaintiff claimed short-term disability.

133.    As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of employment benefits, including, but not limited to: vacation days; personal days; sick days; and/or off days.

134.    As a result of the Accident and Defendants' negligence, Plaintiff was caused to expend significant sums of monies on expenses related to medications, medical aids, out-of-pocket expenses, and other special damages.

135.    All of Plaintiff's damages as aforesaid were solely due to Defendants' negligence, carelessness, recklessness, and/or lack of due care.

WHEREFORE, Plaintiff, Arlette Louden, demands judgment, jointly and severally, against the Defendants in a sum in excess of Three Million Dollars ($3,000,000.00) plus pre- and post-trial interest, costs and such other and further relief which the Court deems just and necessary.

COUNT IV
(Constructive Notice of Defect)

136.    Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "135" and allegations contained therein with the same full force and effect as if fully set forth here.

137.    The trap, nuisance, hazard, defect, and/or danger existed for such a period of time that Defendants should have known about same.

138.    The trap, nuisance, hazard, defect, and/or danger was caused to exist at the time of installation of the carpet.

139.    The trap, nuisance, hazard, defect, and/or danger was caused to exist sometime after the installation of the carpet and for some period of time before Plaintiff's accident.

140.    The trap, nuisance, hazard, defect, and/or danger had been in existence for a significant period of time prior to Plaintiff's accident.

141.    The trap, nuisance, hazard, defect, and/or danger had been in existence for such a period of time prior to Plaintiff's accident as to have been discoverable by and/or known to Defendants.

142.    Defendants' employees regularly use and/or traverse the Stairs.

143.    Defendants' employees use and/or traverse the Stairs during the course of the workday.

144.    Defendants' employees use and/or traverse the Stairs while coming to work and leaving work.

145.    Defendants' employees use and/or traverse the Stairs when assisting some customers with their purchases.

146.    Defendants' employees use and/or traverse the Stairs when stocking the store.

147.    Defendants' employees use and/or traverse the Stairs when going to and coming from their parked cars.

148.    The Stairs have security, video, and/or surveillance cameras installed nearby.

149.    The Stairs are under security, video, and/or surveillance by Defendants.

150.    Defendants' employees inspect and/or check the Stairs and/or the Carpet.

151.    Defendants' employees clean, sweep, and/or vacuum the Stairs and/or the Carpet.

152.    Defendants' employees maintain and/or care for the Stairs and/or the Carpet.

153.    Defendants' employees inspect and/or check the stairs and/or the Carpet regularly and/or periodically.

154.    Defendants' employees clean, sweep, and/or vacuum the Stairs and/or the Carpet regularly and/or periodically.

155.    Defendants' employees maintain and/or care for the Stairs and/or the Carpet regularly and/or periodically.

156.    Defendants' employees inspect and/or check the Stairs and/or the Carpet pursuant to a routine and/or schedule.

157.    Defendants' employees clean, sweep, and/or vacuum the Stairs and/or the Carpet pursuant to a routine and/or schedule.

158.    Defendants' employees maintain and/or care for the Stairs and/or the Carpet pursuant to a routine and/or schedule.

159.    Defendants' employees inspected and/or checked the Stairs and/or the Carpet often enough and/or regularly enough that they should have known about the broken, lifted, frayed, torn, cut, and/or opened Carpet.

160.    Defendants' employees inspected and/or checked the Stairs and/or the Carpet often and/or regularly enough, such that they should have known about the trip hazard.

161.    Defendants' employees inspected and/or checked the Stairs and/or the Carpet often and/or regularly enough, such that they should have known about the trap, nuisance, hazard, defect, and/or danger.

162.    Defendants, with constructive notice of the trap, nuisance, hazard, defect, danger, failed to or refused to fix it.

163.    Defendants, with constructive notice of the trap, nuisance, hazard, defect, and/or danger, failed to or refused to replace it.

164.    Defendants, with constructive notice of the trap, nuisance, hazard, defect, and/or danger, failed to or refused to put in place safety indicators, warnings, signs, and/or lights.

165.    Defendants, with constructive notice of the trap, nuisance, hazard, defect, and/or danger, failed to or refused to put in place safety barriers, cordons, ropes, caution tape, and/or safety cones.

166.    Defendants, with constructive notice of the trap, nuisance, hazard, defect, and/or danger, failed to or refused to employ ameliorative or remedial measures, such as using duct tape or carpet cement or glue in order to re-affix the Carpet to the Stairs.

167.    Defendants permitted the Defect to continue to exist.

168.    Defendants did nothing to try to prevent Plaintiff's Accident.

169.    Defendants did not take sufficient measures and/or steps to try to prevent Plaintiff's Accident.

170.    The Defect caused and/or contributed to Plaintiff's Accident, injuries and damages.

171.    Plaintiff's accident, injuries and damages occurred without any negligence on the part of the Plaintiff contributing thereto.

172.    Plaintiff's accident, injuries and damages occurred solely due to Defendants' negligence, carelessness, recklessness, and/or lack of due care.

173.    As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe bodily injuries and serious physical disfigurements.

174.    As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from her customary, usual, and ordinary daily activities and chores.

175.    As a result of the Accident and Defendants' negligence, Plaintiff was to confined bed and/or home for significant periods of time.

176.    As a result of the Accident and Defendants' negligence, Plaintiff sustained permanent and/or partial physical disabilities.

177.   As a result of the Accident and Defendants' negligence, Plaintiff was caused to undergo prolonged and significant medical treatment, physical therapy, and/or rehabilitation for Plaintiff's injuries and medical sequelae.

178.   As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer great pain, agony, and suffering, in both mind and body.

179.   As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe mental and emotional anguish and distress.

180.   As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from employment for a significant period of time.

181.   As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of wages.

182.   As a result of the Accident and Defendants' negligence, Plaintiff claimed short-term disability.

183.   As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of employment benefits, including, but not limited to: vacation days; personal days; sick days; and/or off days.

184.   As a result of the Accident and Defendants' negligence, Plaintiff was caused to expend significant sums of monies on expenses related to medications, medical aids, out-of-pocket expenses, and other special damages.

185.    All of Plaintiff's damages as aforesaid were solely due to Defendants' negligence, carelessness, recklessness, and/or lack of due care.

WHEREFORE, Plaintiff, Arlette Louden, demands judgment, jointly and severally, against the Defendants in a sum in excess of Three Million Dollars ($3,000,000.00) plus pre- and post-trial interest, costs and such other and further relief which the Court deems just and necessary.

COUNT V
(Actual Notice of Defect)

186.    Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "185" and allegations contained therein with the same full force and effect as if fully set forth here.

187.    Defendants had knowledge of or were aware of the Defect.

188.    Defendants were informed of the Defect.

189.    Defendants were informed of the Defect by its employees.

190.    Defendants were informed of the Defect by other persons.

191.    Defendants had and/or received notice of the Defect.

192.    Defendants had and/or received notice of the Defect from customers.

193.    Defendants had and/or received notice of the Defect from its employees.

194.    Defendants had and/or received notice of the Defect from other persons.

195.  Defendants, having been informed, had a duty to attend to, repair, and/or ameliorate the Defect.

196.  Defendants, having had notice, should have attended to, repaired, and/or ameliorated the Defect.

197.  Defendants should have placed safety indicators, warnings, signs, and/or lights at the Situs.

198.  Defendants should have placed safety barriers, cordons, ropes, caution tape, and/or safety cones at or near the Defect, the Situs, and/or the Stairs.

199.  Defendants did not fix, failed to fix, and/or refused to fix the Defect.

200.  Defendants did not place, failed to place, and/or refused to place safety indicators, warnings, signs, and/or lights at the Situs.

201.  Defendants did not, failed to, and/or refused to place safety barriers, cordons, ropes, caution tape, and/or safety cones at or near the Defect, the Situs, or the Stairs.

202.  Defendants did not, failed to, and/or refused to post an employee at the Situs to warn persons of the Defect.

203.  Defendants did nothing or did not do enough to try to prevent Plaintiff's Accident.

204.  The Defect caused and/or contributed to Plaintiff's Accident, injuries and damages.

205.  Plaintiff's Accident, injuries and damages occurred without any negligence on the part of the Plaintiff contributing thereto.

206.    Plaintiff's Accident, injuries and damages occurred solely due to Defendants' negligence, carelessness, recklessness, and/or lack of due care.

207.    As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe bodily injuries and serious physical disfigurements.

208.    As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from her customary, usual, and ordinary daily activities and chores.

209.    As a result of the Accident and Defendants' negligence, Plaintiff was to confined bed and/or home for significant periods of time.

210.    As a result of the Accident and Defendants' negligence, Plaintiff sustained permanent and/or partial physical disabilities.

211.    As a result of the Accident and Defendants' negligence, Plaintiff was caused to undergo prolonged and significant medical treatment, physical therapy, and/or rehabilitation for Plaintiff's injuries and medical sequelae.

212.    As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer great pain, agony, and suffering, in both mind and body.

213.    As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe mental and emotional anguish and distress.

214.    As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from employment for a significant period of time.

215.   As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of wages.

216.   As a result of the Accident and Defendants' negligence, Plaintiff claimed short-term disability.

217.   As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of employment benefits, including, but not limited to: vacation days; personal days; sick days; and/or off days.

218.   As a result of the Accident and Defendants' negligence, Plaintiff was caused to expend significant sums of monies on expenses related to medications, medical aids, out-of-pocket expenses, and other special damages.

219.   All of Plaintiff's damages as aforesaid were solely due to Defendants' negligence, carelessness, recklessness, and/or lack of due care.

WHEREFORE, Plaintiff, Arlette Louden, demands judgment, jointly and severally, against the Defendants in a sum in excess of Three Million Dollars ($3,000,000.00) plus pre- and post-trial interest, costs and such other and further relief which the Court deems just and necessary.

## Count VI
### (Res Ipsa Loquitor )

220.   Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs "1" through "219" and allegations contained therein with the same full force and effect as if fully set forth here.

221.  Plaintiff's Accident, injuries and damages would not normally have occurred except for Defendants' negligence, recklessness, carelessness, and/or lack of due care.

222.  The Defect would not have existed but for Defendant's negligence, carelessness, recklessness, and/or lack of due care.

223.  The Carpet and stairs were in the exclusive care and control of the Defendants.

224.  Plaintiff did not cause her own injuries.

225.  Plaintiff's Accident occurred without any negligence on the part of the Plaintiff contributing thereto.

226.  Defendants had a duty of reasonable care to Plaintiff to provide a safe set of Stairs.

227.  Defendants had a duty of reasonable care to provide to Plaintiff a set of Stairs free of defects that could cause accidents and/or injury.

228.  Defendants breached their duty to Plaintiff.

229.  Defendants' breach of their duty caused Plaintiff's Accident, injuries and damages.

230.  Plaintiff's Accident, injuries and damages occurred without any negligence on the part of the Plaintiff contributing thereto.

231.  Plaintiff's Accident, injuries and damages occurred solely due to Defendants' negligence, recklessness, carelessness, and/or lack of due care.

232.  As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe bodily injuries and serious physical disfigurements.

233.    As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from her customary, usual, and ordinary daily activities and chores.

234.    As a result of the Accident and Defendants' negligence, Plaintiff was to confined bed and/or home for significant periods of time.

235.    As a result of the Accident and Defendants' negligence, Plaintiff sustained permanent and/or partial physical disabilities.

236.    As a result of the Accident and Defendants' negligence, Plaintiff was caused to undergo prolonged and significant medical treatment, physical therapy, and/or rehabilitation for Plaintiff's injuries and medical sequelae.

237.    As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer great pain, agony, and suffering, in both mind and body.

238.    As a result of the Accident and Defendants' negligence, Plaintiff sustained, suffered, and will continue to suffer severe mental and emotional anguish and distress.

239.    As a result of the Accident and Defendants' negligence, Plaintiff was incapacitated from employment for a significant period of time.

240.    As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of wages.

241.    As a result of the Accident and Defendants' negligence, Plaintiff claimed short-term disability.

242.  As a result of the Accident and Defendants' negligence, Plaintiff sustained a loss of employment benefits, including, but not limited to: vacation days; personal days; sick days; and/or off days.

243.  As a result of the Accident and Defendants' negligence, Plaintiff was caused to expend significant sums of monies on expenses related to medications, medical aids, out-of-pocket expenses, and other special damages.

244.  All of Plaintiff's damages as aforesaid were solely due to Defendants' negligence, carelessness, recklessness, and/or lack of due care.

245.  Plaintiff sustained, suffered, and will continue to suffer and demand total damages in the amount of Three Million and 00/100 ($3,000,000.00) dollars.

WHEREFORE, Plaintiff, Arlette Louden, demands judgment, jointly and severally, against the Defendants in a sum in excess of Three Million Dollars ($3,000,000.00) plus pre- and post-trial interest, costs and such other and further relief which the Court deems just and necessary.

Dated:    March 2, 2018

                                        X Jacob J. Cecere_____
                                        SPIGELMAN & CECERE, LLC
                                        By: Jacob J. Cecere, Esq.
                                        Attorneys for Plaintiff
                                        ARLETTE LOUDEN
                                        14660 Rothgeb Drive, Suite 101
                                        Rockville, Maryland 20850
                                        Telephone:     (301) 948-6363
                                        Facsimile:     (301) 340-7228
                                        Email:         jcecere@cjlaw.net

                                        *AND*

X Michael F. Mongelli
MICHAEL F. MONGELLI II, P.C. CO-COUNSEL
By: Michael F. Mongelli II, Esq. (MM4267)
Attorneys for Plaintiff
ARLETTE LOUDEN
41-07 162nd Street
Flushing, New York 11358
Telephone:      (718) 463-7333
Facsimile:      (718) 358-4872
Email: MichaelFMongelli@MongelliPC.com
Our File No.:  6727